UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> BRENT OUELLETTE | No. 2:25-mj-00033-KFW |

**ORDER ON GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The United States has moved pursuant to Rule 16(d)(l) of the Federal Rules of Criminal Procedure for a protective order that governs the manner in which discovery containing sensitive witness-related material is handled. The government further represents that defense counsel consents to this order.

For good cause having been shown and with the consent of defense counsel, it is hereby ORDERED:

1. This Order applies to Sensitive Material, defined as records (paper or electronic) that contain witness Personal Identifying Information (PII), *see* Fed. R. Crim. P. 49.1, witness photographs or images, witness statements, documents of a personal nature concerning some witnesses, or other documents or recordings including some 18 U.S.C. § 3500 material that the government believes could expose a potential witness to harm (physical or emotional). Any record that the government determines meets the definition of Sensitive Material must be marked "Sensitive Material - Subject to Protective Order" and contain an alpha-numeric identifier (Bates stamp) in a header or footer. Recordings will have the identifier in the file name. When disclosing Sensitive Material, the government will provide a list of the Sensitive Material being disclosed by

1

brief description and Bates stamp. When making discovery available the government will segregate any Sensitive Material from non-sensitive discovery and use a separate cover letter or transfer media.

2. Defense counsel shall maintain all Sensitive Material in this case in a secure place to which no person who does not have reason to know their contents has access. Defense counsel shall restrict viewing and disclosure of the contents of Sensitive Material to those persons deemed essential by counsel for preparation of the defense.

3. Defense counsel shall not share with the defendant contact information for, or the location of, any witness, whether obtained through information disclosed by the government or information independently acquired by defense counsel, and will otherwise restrict disclosure of this information to those persons deemed essential by counsel for preparation of the defense.

4. Defense counsel shall not provide the defendant with copies of any Sensitive Material. Defense counsel may allow the defendant to view Sensitive Material in the presence of defense counsel or a member of the defense. Defense counsel or a member of the defense may read such materials to the defendant or provide the defendant a summary of such materials but may not include witness PII or the items in paragraph 3.

5. The attorneys in this case are directed to meet and confer on what is to be treated as Sensitive Material. The attorneys are urged to try and resolve any disagreements. If defense counsel disagrees with the government's categorization of any record as Sensitive Material, defense counsel may file a motion, under seal, explaining why such record should not be subject to this Order.

6.     This Order shall remain in effect after the conclusion of the case and unless and until this Court orders otherwise.

**SO ORDERED.**

Dated at Portland, Maine, this 18th day of June, 2025.

_____
Judge's Signature

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title